## UNITED STATES of America ex rel. CHIN FAT NEU, Appellant, v. Karl I. ZIMMERMAN, District Director of Immigration.

### No. 9961.

United States Court of Appeals
Third Circuit.

Argued Nov. 10, 1949.

Filed March 8, 1950.

On Amendment of Judgment March 15, 1950.

John M. Smith, Jr., Philadelphia, Pa., for appellant.

James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., F. W. Braden, Acting District Adjudications Officer, Immigration and Naturalization Service, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and O'CONNELL, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., applies to a de-

portation hearing conducted by the Immigration and Naturalization Service. The hearing given the appellant did not conform to the requirements of the Act. The question has been ruled in favor of the appellant by the Supreme Court in Wong Yang Sung v. McGrath, 70 S.Ct. 445, decided February 20, 1950. Upon the authority of that decision the order of the district court will be reversed and the cause will be remanded with directions to reinstate the writ of habeas corpus and thereupon to discharge the appellant from custody.

Judge O'CONNELL participated in the hearing of this case but died before it was decided.

### On Amendment of Judgment

Before MARIS and GOODRICH, Circuit Judges.

PER CURIAM.

The Supreme Court having on March 13, 1950 amended its judgment in Wong Yang Sung v. McGrath, 70 S.Ct. 445, on the authority of which case the present case was decided by this court, the judgment entered by this court on March 8, 1950 will be amended accordingly so as to provide for the reversal of the judgment and the remand of the cause with directions to reinstate the writ of habeas corpus and thereupon to release the appellant from custody under the order and warrant of deportation entered March 2, 1948 but without terminating the appellant's custody under the warrant of arrest issued by the District Director of Immigration on December 2, 1947.